Green, J.
delivered the opinion of the court.
*129 This bill is brought by the administrators of Elizabeth Brown, deceased, against the administrator of her husband, William Brown, deceased, for certain slaves that were the property of the said Elizabeth before her marriage with the said William, and in relation to which there was an ante-nuptial contract. The said Elizabeth, before her marriage with Brown, was the widow of William Dorsey, and was the owner of land and negroes, as devisee of said Dorsey’s will.
It was agreed between Mrs. Dorsey and Brown, by articles dated the 7th of February, 1827, that the land conveyed to her by her late husband, should remain, be and continue her property, and subject to her control and disposition; and also, all the negroes devised to her by her late husband, and then in her possession, (naming them,) and their future increase, “to be and remain the property of' the said Elizabeth, and subject to her control and disposal forever.”
This contract was signed by Elizabeth Dorsey and William Brown; after which, they were married. Mrs. Brown died the 17th of January, 1842, leaving her husband surviving; and he died the 6th of May, 1844., The question is whether Brown, by virtue of his marital right, became owner of these slaves. By marriage, the sole and absolute property of the wife’s chattels vests in the husband; and if there be a marriage contract, whereby this right is abridged, it is taken away, only to the extent stipulated in the settlement. When the settlement makes no disposition of the property, in the' event of the wife’s death, and provides only for her dominion over it during coverture, the right of the husband, as survivor, is a fixed and stable right, over which the court has no control, and of which he cannot be divested.” Stewart vs. Stewart, 7 J. Ch. Rep. 246. The question then is, whether the marital right of survivorship is excluded by the contract under consideration. The language of the contract is, that the negroes, and their future increase, are “to be and remain the property of the said Elizabeth, and subject to her control and disposal forever.” It is admitted in the argument, that, but for the word “forever,” the marital right would be excluded only during coveture. But can this word make any difference in the meaning of the instrument? The words, *130 to be sure, are appropriate to the creation of absolute estate in the property. They are used to express the quantity of the estate, and the character of dominion, Mrs. Brown was empowered to exercise over the property. But, in this view, the word “forever” has no meaning, showing an intention to exclude the husband’s marital right of survivorship. The property remains absolutely in Elizabeth, “subject to her control and disposal forever.” The meaning of the word “forever,” is limited and defined by the context, “subject to her control and disposal,” and is only an absolute control, free from the marital right during coverture. The case of Stewart vs. Stewart, 7 th Ch. Rep. 245, is in all respects similar to this. In the case of Hamrico vs. Laird, (10 Yerg. R. 222,) which is relied on as authority for the complainants, there was an evident intention to exclude the marital right altogether. In the instrument executed by the parties, before marriage,' it was stipulated, that the said John Hamrico agrees and binds himself, his heirs, &c., “to relinquish, and does relinquish, all claim he has, or ever could have, to the property or money so purchased,.either in law or equity, that he might acquire by marrying or becoming the husband of the said Sarah. Here, Hamrico relinquished all claim he had, “or could have” — words more appropriate to exclude the fight of the husband, as survivor, could scarcely have been employed. In this case, no words indicating the intention of the parties to do more than to exclude the marital right during coverture, are used; and we think the husband was entitled to the property, as survivor; and that, as there are no debts of the wife, his administrators have no right to a recovery. Affirm the decree.